Vernon RICHARDSON, Appellant

v.

Earl A. POWELL, III, Director,
National Gallery of Art,
Appellee.

No. 04–5372.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 29, 2005.

David A. Branch, Law Office of David A. Branch, Washington, DC, for Plaintiff–Appellant.

Oliver W. McDaniel, R. Craig Lawrence, Assistant U.S. Attorney, Michael Joseph Ryan, Assistant U.S. Attorney, Kenneth L. Wainstein, U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Defendant–Appellee.

Before: TATEL and GARLAND, Circuit Judges, and EDWARDS, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This cause was considered on the record from the United States District Court for the District of Columbia, and was briefed and argued by counsel. It is

**ORDERED** and **ADJUDGED**, by this Court, that the judgment of the District Court is hereby affirmed. *See Richardson v. Powell,* Civ. No. 02–480 (D.D.C. Sept. 2, 2004).

Appellant challenges the District Court's grant of summary judgment to appellee National Gallery of Art ("Gallery"), based on its findings that: (1) the Rehabilitation Act ("Act"), 29 U.S.C. § 701 *et seq.* (2000), protects only employees or applicants for existing and defined jobs, and (2) the record demonstrates that appellant was qualified solely for a sedentary position, a job feature that the Gallery was unable to offer. We reach the latter issue only, and find that the record as a whole clearly supports the District Court's conclusion that appellant was unable to perform any position which involved painting as an essential function, and therefore the Act's protections do not apply.

The Rehabilitation Act requires that an individual must be "qualified" for the job at issue. 29 U.S.C. § 794(d); 42 U.S.C. § 12112(a) (2000). An individual is "qualified" for a position under the Act if he or she can perform the essential functions of the position with a reasonable accommodation. 42 U.S.C. § 12111(8) (2000); *Breen v. DOT,* 282 F.3d 839, 841 (D.C.Cir.2002). The dispute before us centers in large part on the Gallery's "Light Duty Painter" position presented to appellant in September 1995. The job description listed four "Major Duties": (1) prepare surface and apply coating materials, (2) conduct inventory, (3) answer the telephone and perform a variety of office tasks, and (4) provide a progress report regarding work completion. Position Description, AFM Light Duty Painter, Joint Appendix ("J.A.") 34. Upon reviewing these requirements, appellant's doctor asserted that appellant was

"not fit" for the first of the four "Major Duties" listed, and noted that he "cannot climb at all, crawl at all, kneel at all or do any type of bending." Dr. Hampton J. Jackson, Progress Report for Vernon Richardson (Sept. 28, 1995), J.A.36. Appellant's doctor added that if the position could "be modified to . . . exclude what is not tolerated by the patient then we would certainly agree that he can do the modified duties mentioned above." *Id.* What appellant could "not tolerate[ ]," however, were many of the activities essential to being a "Light Duty *Painter*"—climbing, crawling, kneeling, and bending. Appellant said as much in his Amended Complaint to the District Court, which stated, "Plaintiff Richardson's physician told Plaintiff he should only perform sedentary duties and requested that the [Light Duty Painter] duties be modified." Am. Compl. at ¶ 11, *Richardson v. Powell,* No. 02-480 (D.D.C. Apr. 19, 2002), J.A. 3. Furthermore, in a letter informing appellant's rehabilitation counselor that the Gallery was unable to offer appellant another position, the Gallery Deputy Administrator said, "[appellant's] permanent physical limitations[ ] do not make him a good match for the job requirements that the Gallery . . . currently has." Letter from Charles Schneider, Deputy Administrator, Nat'l Gallery of Art, to Ruth Rondberg, Vocational Counseling Assocs., Inc. (Jan. 24, 1996), J.A. 30. Based on these uncontradicted facts in the record, the District Court was correct in its assessment that appellant could not perform an "essential function" of the potential painting position. And since an employer is under no obligation to create a new position under the Act, *Aka v. Wash. Hosp. Center,* 156 F.3d 1284, 1305 (D.C.Cir.1998), appellant's claim must be dismissed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.